Peeemak, J.,
delivered the opinion of the court:
The only question in this case is whether a court in which a suit has been determined upon petition of the attorneys can declare a lien on land, and proceed in that case to enforce said lien by ordering a sale of the land in satisfaction of the fee, after ascertaining the amount by reference to the clerk and master and report by him.
This court held in the case of Mary J. Perkins by next friend, etc., v. P. G. Stiver Perkins et al., Nashville, 1871 [since reported in 9 Heis., 95], after full consideration, that this could not be done, and enjoined a sale so ordered. The court held in that case that the duty of the courts was to declare the lien, where *293 the amount of the fee was not fixed hy contract and parties under no disability, and leave the attorney to enforce this lien hy appropriate proceedings in a court having jurisdiction of the question. "We think this the sound rule, and feel bound to adhere to it.
Questions may arise between the attorney and client on which there ought to be issues made, and where the client should have the means and make his defenses fully. His attorney, in such a proceeding as this, ceases to represent him, his interest becoming antagonistic on this question.
Reverse the decree and dismiss the petition.